IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                         :

JOSE RODRIGUEZ FIGUEROA                   :        CASE NO. 04-08693 (SEK)

DEBTOR                                   :        CHAPTER 11
------------------------------------



FILED & ENTERED
NOV 2 - 2005
CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER

Before this Court is Debtor in Possession's Request ("DIP") for entry of additional findings of fact and to alter or amend our order dismissing this case with a bar for refiling. For the reasons that follow, we amend our order *nunc pro tunc* to delete the bar for refiling for the time being and deny requests for entry of additional facts numbered 5 thru 26.

## Background

José Rodríguez Figueroa d/b/a JOMALI Bakery, Las Amercas Bakery and Panadería and Repostería Las Américas filed a voluntary petition for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code on August 19, 2004.[1] On August 11, 2005, we scheduled a hearing to consider, *inter alia*, Debtor's response to our April 18th Order to Show Cause. Two days before the hearing, Debtor filed a "Request for Ratification of Sale of Various Bakery Equipment Pursuant to FRBP § 363 & Rule 6004" disclosing he had closed the only remaining bakery shop and sold the equipment without notice to his creditors and without prior court approval. We considered Debtor's response to our order to show

---

[1] All references to the "Bankruptcy Code" and all references to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101, *et seq.*

2

cause and Debtor's Request for ratification of the sale and
proceeded to dismiss the case under § 1112 (b)(1,3,4) and bar the
Debtor from refiling any new bankruptcy petitions for the next
twenty four months.[2]  We informed Debtor why we dismissed the
case with a bar for refiling during that hearing, stating:

> [T]he first thing that this Debtor did - this Debtor
> owns a small bakery, a panadería, that's been located
> in the area of Ponce for some time ... and the Debtor
> came into bankruptcy ... almost a year ago. [He]
> indicated that [he] needed time ... to straighten out
> [his] accounting because there was no accounting.  To
> date, that's the same excuse for not filing monthly
> reports on time and for not filing a disclosure
> statement.  Now, how difficult can the accounting of a
> "panadería" be?  We have had reconstruction of
> accounting records frequently in this Court.  And this
> excuse is simply not credible.
>
> The second thing, that the Debtor did [was] close down
> his business while in bankruptcy and started
> transferring assets - it's obvious - somewhere.
> Without monthly reports of operations and without
> further information in a disclosure statement, we have
> no idea where these assets are.
>
> And the last thing the Debtor did was sell the assets
> of the estate out of the ordinary course of business as
> disclosed in the so called ratification of sale, docket
> number 84, without even depositing the money [sale
> proceeds] in court.
>
> So, these three items are sufficient to show that the
> Debtor has been abusing the bankruptcy system and is
> not [acting] in good faith.  And, under the provisions
> of 349(a), I hereby dismiss this case and enjoin the
> Debtor from filing further bankruptcy petitions for a
> period of twenty four months from entry of this order.[3]



---

[2]  See docket entries 53, 55 & 84.

[3]  See transcript of that hearing, docket entry 91 at pp. 7-
9, the separate order docket as number 87, and 11 U.S.C. § 1112
(b)(2-4); In re Abijoe Realty Corp., 943 F. 2d 121, 128 (1st Cir.
1991); In re Gonic Realty Trust, 909 F. 2d 624, 626 (1st Cir.
1990; Connell v.  Coastal Cable T.V., Inc. (In re Coastal
T.V.,Inc.), 709 F. 2d 762 (1st Cir. 1983); In re Harvey Probber,

3

Debtor then filed the motion for additional findings of fact and amendment to order which we incorporate and  attach as exhibit A.

## Discussion

Proposed facts 1 thru 4 concern perceived problems of due process caused by our adding  a bar for refiling under Code § 349 (a) to our order dismissing the case, without prior notice and opportunity to be heard.  While this argument is questionable after *Marrama v. Citizens Bank of Massachusetts, et al., (In re Robert Louis Marrama)*, 2005 WL 2840634(1st Cir. October 31, 2005) (NO. 04-9009), we believe it is better to set aside that portion of the dismissal order concerning the bar for refiling[4], retaining jurisdiction to hear Debtor on this matter during an



---

Inc., 44 B.R. 647 (Bankr. Mass. 1984); and In re Camann, 2001 Bankr. Lexis 581(Bankr. N.H. 2001).  With respect to the bar for refiling, see  3 Collier on Bankruptcy, ¶ 349.02[3](15th ed. rev.); In re Fleury, 249 B.R. 1, 8-9 (Bankr. Mass. 2003); In re Ortiz, 200 B.R. 485 (D.P.R.); Casse v. Key Bank National Association, 189 F. 3d 327 (2d. Cir. 1999).

[4]  F.R.B.P. 9023 provides F.R. Civ. P. 59 "...Amendment to Judgments" applies in cases under the Code.  *National Metal Finishing Company, v. Barclays American/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990), explains that "its purpose is to permit the correction of manifest errors of law or fact that are discovered, upon reconsideration, by the trial court.  Under the rule, the trial court is the first recourse for the correction of errors.  If the errors, in its opinion, require the reversal of the first judgment, we see no good reason why it should remain shackled to that judgment.  Consequently, we join those authorities that have stated that 'a party may move to amend the findings of even if the modified or additional findings in effect reverse the judgment.'" [cit. omitted].

4

evidentiary hearing set to commence on November 22, 2005 at 10:00 a.m.

We deny Debtor's request for entry of additional proposed facts 6 through 15 related to the first reasons why we dismissed the case as these are not needed by an "appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and judgment entered thereon."  9A Wright & Miller, Federal Practice and Procedure Civil 2d, § 2582 (2d ed.).

Proposed fact 16 concerning Debtor's rejection of the lease premises where the bakery was located is irrelevant, as it is not related to any of the reasons we gave for dismissing this case.

Proposed fact 17 is redundant, as one of the reasons for the dismissal was Debtor's failure to disclose the sale of assets as set forth in docket entry number 84.



Proposed facts 18 thru 22 concern the sale of equipment (estate assets) conducted by Debtor outside the ordinary course of business, without prior notice to creditors and opportunity to object, without court authorization, and informed two days before the schedules hearing.  These proposed findings are irrelevant and are not needed by an appellate court to better understand the reasons why we dismissed the case.  Furthermore, proposed facts 20 thru 23, 25 are unsubstantiated by the record in this case.

Finally, proposed facts 16, and 24 thru 26 are not material to the order of dismissal and would not result in an appellate court having a better understanding of reasons why we dismissed

5

the case.

WHEREFORE, Debtor's motion for additional findings of fact 5 thru 26 is Denied. Debtor's motion to alter or amend judgment concerning the bar for refiling is amended as stated above.

SO ORDERED, in San Juan, Puerto Rico, on November 2, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge

*Exhibit A*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE
JOSE M RODRIGUEZ FIGUEROA &
ALICE RIVERA VARGAS
   Debtors-in-Possession

BANKRUPTCY 04-08693 SEK
CHAPTER 11

## REQUEST FOR ENTRY OF ADDITIONAL FINDINGS OF FACT & REQUEST FOR AMENDMENT TO ORDER OF DISMISSAL PURSUANT TO FRBP 7052(b) & STAY PENDING DISPOSITION PURSUANT TO FRBP 7062(b) & FRCP 62(b)

TO THE HONORABLE JUDGE SARA DE JESUS:

COME NOW debtors in the above consolidated case and respectfully pray for entry of additional findings of facts and for amendment to Order of Dismissal:

On August 15, 2005 and entered on docket on the same date, this Court dismissed this case with a bar of 2 years for refiling at docket entry #87. The Court in its Order "dismissed this case and enjoined debtors from refiling bankruptcy protection under Title 11 of the U. S. Code in any court, with personal and subject matter jurisdiction for the next 24 months. Should debtors file within the 24 months period, the automatic stay provided for in 11 U.S.C. §362 will not go into effect."

FRBP 7052(b) or FRCP 52(b) provides that upon motion of a party made not later than 10 days after entry of judgment, the court may amend its findings or make additional findings and may amend the judgment accordingly.

FRBP 7062(b) or FRCP 62(b) also provides that a court on its discretion may stay the execution of any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, . . . or of a motion for amendment to the findings or for additional findings made pursuant to Rule 52(b).

Debtors request the entry of additional findings of fact, and amendment to the judgment without a 2 year bar to refiling or limitation of the §362 automatic stay provisions. Debtors also request a stay of the effects of dismissal until the disposition of this motion. Debtors recommend and suggest the following additional facts:

Page 1 of 5

1.    In this case there has been one Order to Show Cause advising debtors that failure to show cause could result in the dismissal or conversion of their case to chapter 7 at docket entry #53 dated April 18, 2005.

2.    The Order to Show Cause at docket entry #53, does not notice debtors that the dismissal of their case could be dismissed with prejudice of refiling for two years.

3.    That there has been no notice nor motion to hear or entertain a motion to dismiss for cause under §349(a), or any other pertinent section of the Bankruptcy Code prior to the dismissal with prejudice of this case.

4.    That there has been no evidentiary hearing on the dismissal, with a bar to refiling of 2 years, or its causes, held in this case prior to its dismissal with prejudice.

5.    That debtors responded to the Order to Show Cause at docket entry #55 on April 19, 2005, at which time they requested the first extension of time to file their disclosure statement, originally due on March 15, 2005.

6.    That this Court responded at docket entry #58 on April 29, 2005 granting the extension and rescheduling of the hearing on disclosure statement for August 11, 2005.

7.    Debtors requested that the hearing scheduled for August 11, 2005 on disclosure statement be converted to a status conference on August 8, 2005 at docket entry #81, and also requested their second extension of time to file their disclosure statement.

8.    The request to convert the August 11, 2005 hearing to a status conference was not ruled upon by this Court prior to the dismissal of this case.

9.    No creditor or party in interest has appeared in this case opposing any extension of time to file a disclosure statement.

10.    No creditor or party in interest has appeared in this case requesting the dismissal with or without prejudice of refiling this case.

11.    The only outstanding monthly operating reports [hereinafter MOR's] owed by debtors at this time are for the May and June 2005.

12. No creditor or party in interest has appeared in this case opposing the fact that debtors owe the May and June 2005 monthly operating report, or any other MOR.

13. Debtors filed their MOR's for August, September, October, November and December 2004 at docket entries #72, 72, 74, 75 and 76 on July 14, 2005.

14. Debtors filed their MOR's for January, February and March 2005 at docket entries #77, 78 and 79 on July 29, 2005.

15. The MOR's filed to date are in a consolidated form for both the corporation and debtors as individuals.

16. Debtors filed a motion at docket entry #71 on July 14, 2005 rejecting the lease contract with landlord Erasmo Rentas wherein the Court is informed that negotiations with the landlord to lower the rent had been unsuccessful requiring the rejection of the lease contract and surrender of the lease premises in order to lower operating expenses.

17. Debtors disclosed, *albeit*, after the fact, the sale of part of its bakery equipment on August 9, 2005 at docket entry #84, wherein the equipment sold was itemized and described, with the price of sale of each item and the name of the persons to whom the equipment had been sold.

18. That debtors motion at docket entry #84 requesting the ratification of the sale contained the names, prices and description of the equipment sold, as well as the circumstances surrounding the sale on the spur of the moment when debtors were clearing out the surrendered premises.

19. That the motion at docket entry #84 was noticed to all creditors and parties in interest by debtors.

20. That by filing the motion disclosing the terms of the sale of part of the bakery equipment, *albeit* after the fact, no intent to conceal or defraud can be concluded from said sale.

21. That despite a partial sale of estate property, debtors are still required to pay the liquidation value of the estate at petition date through their plan of reorganization, and thus, in this sense, there can be no prejudice or harm to the estate from the *impromptu* sale of part of the bakery equipment, once ratified.

22. That most of the sold bakery equipment was at least 17 years old, and some may have been as old as 20 or more years of use by prior owners of the bakery and some of the equipment was costly to remove and/or to move to another location for storage.

23. That substantial work has been performed by both debtors and the Accountant of this estate to organize and order the bookkeeping of both the business and the individuals in a consolidated fashion and a disclosure statement was in process to be filed within a short time by debtors when this case was dismissed.

24. The new bankruptcy law will become effective within 53 short days.

25. That debtors have substantial real estate that was to be used to fund their plan and pay creditors, which could be lost to foreclosures during the 24 month bar to refiling, causing prejudice to the estate creditors

26. This case has been erroneously administratively **"closed"** on August 15, 2005 prior to the finality of the dismissal, which would expire on August 25, 2005, absent any post judgment relief requested within the 10 days of the dismissal.

WHEREFORE debtors respectfully pray that the Court enter recommended additional findings of fact and that the Order of Dismissal be amended accordingly to eliminate the bar to refiling and the limitation of §362 automatic stay in any future filings within the 2 years. Request is further made pursuant to Rule 62(b) for the stay of any proceedings pending the disposition of this motion.

CERTIFY that on this same date a copy of this motion has been caused to be electronically noticed to the US Trustee, BPPR, Popular Auto, IRS, SIF, Doral, through their counsels and through fax to the PR Department of Treasury and through regular mail to the creditors of this estate as evidenced by the matrix attached herein.

DATED: August 24, 2005.

/s/
LYSSETTE MORALES VIDAL
URB VILLA BLANCA
76 AQUAMARINA ST
CAGUAS, PUERTO RICO 00725-1908
TEL 787-746-2434 FAX 258-2658
Email **lamorales@prtc.net**

Case Number: 04-08693-SEK11

DORAL FINANCIAL CORP. electronically noticed through counsel Herrero
STATE INSURANCE FUND CORP. electronically noticed through counsel
BANCO POPULAR electronically noticed through counsel Guasp
BANCO POPULAR electronically noticed
CENTRO RECAUDACION INGRESOS MNCPLS electronically noticed
CITI MASTERCHARGE |PO BOX 6017|THE LAKES, NV 89163-6017
COLLECTION SOLUTION |PO BOX 51966|AGUADA, PR 00602
DEPARTAMENTO DE HACIENDA electronically noticed through Justice Dept
DEPARTMENT OF TREASURY |PO BOX 9024140 SECTION 424-B|SAN JUAN, PR 00902-4140
DEPT DEL TRABAJO |PO BOX 71592|SAN JUAN, PR 00936-8697
ERASMO L BERNIER RENTA/ELSIE GONZALEZ |116 PASEO DEL PRINCIPE|PONCE PR 00716
FIRST TRUCK RENTAL |PO BOX 2489|TOA BAJA, PR 00951
FIRSTBANK PR-WILLIAM STGO SASTRE |PO BOX 19328|SAN JUAN, PR 00910-1328
FMC |PO BOX 71472|SAN JUAN, PR 00936-5872
GELISHEVI FOOD PRODUCTS INC |PO BOX 6251|CAGUAS, PR 00726-0106
INTERNAL REVENUE SERVICES |MERCANTIL PLAZA BLDG ROOM 1014|2 PONCE DE LEON AVE
STEP 27 1/2|SAN JUAN, PR 00918-1693
JC PENNEY |PO BOX 71334|SAN JUAN, PR 00936-1334
JOSE F RODRIGUEZ |1639 NAVARRA ST LA RAMBLA|PONCE, PR 00730-4043
JOSE F RODRIGUEZ RODRIGUEZ |URB LA RAMBLA 493 CALLE NAVARRA|PONCE, PR 00716-0211
JOSE M MONGE ROBERTIN CPA electronically noticed
JUAN C FORTUNO FAS |PO BOX 13665|SAN JUAN, PR 00908-3665
MARYSE ROLDAN |PO BOX 514|CAGUAS, PR 00725
MILKA PEREZ |BO LA CUARTA|NO 137 CALLE C|MERCEDITA, PR 00715-1915
NEDDY TROCHE SIBERON |PO BOX 2331 UNIV STATION|SAN JUAN, PR 00931-3314
ONEIDA PEREZ ACOSTA |PO BOX 366818|SAN JUAN, PR 00936-6818
ORIENTAL MORTGAGE |PO BOX 71528|SAN JUAN, PR 00936-8628
PARA DEL VALLE & LIMERES |PO BOX 331429|PONCE, PR 00733-1429
POPULAR AUTO |PO BOX 11917|SAN JUAN, PR 00922-1917
POPULAR AUTO/POPULAR FINANCE |PO BOX 366818|SAN JUAN, PR 00936-6818
POPULAR AUTO[POPULAR LEASING] |ONEIDA PEREZ ACOSTA ESQ|PO BOX 366818|SAN
JUAN, PR 00936-6818
PR DEPT OF LABOR - FRANCISCO RIOS |MERCANTIL PLAZA PH 1616|PONCE DE LEON AVE
NO 2|SAN JUAN, PR 00918
PR DEPT OF LABOR-MILDRED HERNANDEZ |BUREAU OF LEGAL AFFAIRS 18TH FL|505 MUNOZ
RIVERA AVE|SAN JUAN, PR 00918
PR ELECTRIC POWER AUTHORITY |PO BOX 363928|SAN JUAN, PR 00936-3928
RADIO SHACK |PO BOX 8181|JOHNSON CITY, TN 37615-8181
REYNALDO ZAYAS MALAVE |PO BOX 1591|COAMO, PR 00769-9506
SCOTIABANK PUERTO RICO |ATTY. JUAN A. CUYAR COBB|P O BOX 9023905|SAN JUAN, PR
00902-3905
SEARS |PO BOX 105491|ATLANTA, GA 30348-5491
STATE INSURANCE FUND CORPORATION |LCDO WALLY DE LA ROSA|PO BOX 365028|SAN
JUAN, PR 00936-5028
US DEPT OF LABOR - WAGE & HOUR DIV |7 TABONUCO ST SUITE 402|GUAYNABO, PR
00968
ALICE RIVERA VARGAS |PMB 341 609 AVE TITO CASTRO STE 102|PONCE, PR 00716-0211
JOSE MANUEL RODRIGUEZ FIGUEROA |URB ALTURAS DE JACARANDA A 10|PONCE, PR 00731