IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                    :

JOSE RODRIGUEZ FIGUEROA AND    :    CASE NO. 04-08693 (SEK)
ALICE RIVERA VARGAS,                                **FILED & ENTERED**
        DEBTORS                     :    CHAPTER 11

- - - - - - - - - - - - - - - - - - - - - - - - - - -            APR   4 2006

OPINION AND ORDER      CLERK
                       U.S. BANKRUPTCY COURT
                       SAN JUAN, PUERTO RICO



The only issue at hand is whether we should bar Debtors from refiling. For reasons that follow, we hereby bar Debtors from filing for bankruptcy protection pursuant to 11 U.S.C. § 101 *et seq.*, in any court with personal and subject matter jurisdiction for twelve months from entry of the Order Dismissing this case, or November 2, 2005.

We incorporate the "Background" of our Opinion and Order entered on November 2, 2005, docket entry 92, adding the following. Documentary evidence introduced during the March 23rd hearing shows:

1. Debtors sold furniture and equipment in sales conducted out of the ordinary course of business, without notice and/or court approval. Articles sold were to be picked up by the buyers with no guarantees.

2. Proceeds from these sales which took place between June 9 thru July 15, 2005 netted $24,150.00.

3. Debtors scheduled the sold equipment with an estimated market value of $75,200 as of filing date.

4. The Accountant who examined Debtors' records concluded that "[t]he recovery from the equipment sold is an average of 32% of the estimated market values included in the bankruptcy schedules

2

as of filing date, which appears reasonable based on the terms of liquidation sale.

(5) $12,650 of the proceeds were deposited in the general bank account of the estate and $11,324.22 were used to pay claims of secured creditors and other administrative claims in cash or by certified check.

(6) Debtors cannot account for $496.78.

(7) Funds not used to pay secured creditors were disbursed as follows: $2,700 for taxes, $750 to the US Trustee, $2,000 to professionals and $3,499 for others (mostly school tuition payments). This led the Accountant to conclude "that total funds used for the benefit of the estate were $23,653.22 or 98% of the funds recovered from the sale of the equipment".

Debtors defend themselves contending the sale and distribution was an isolated event, not the product of willful and egregious behavior warranting the sanction imposed by the Court. However, the facts do not support this theory.



The evidence attached to the Accountant's report show sales took place on June 9, 13, 14, 15, 17, 20, 22, 23 24, and 30, 2005. In July 2005, sales took place on thr 6th, 7th, 14th, 25th, and 28th. The sales continued thru August, 2005 on the 2nd, 8th and 11th. During this time the docket shows Debtors were requesting enlargements of time to get their accounting in order, having enjoyed bankruptcy protection for about 12 months without filing a disclosure statement and plan. During this same period, they must have been communicating with their Accountant as they were filing monthly reports of operations for the

3

year 2004. Yet, they were imprudent enough to continue with the sales without notifying their Accountant, their Counsel or the Court. Furthermore, while it may be true that a large portion of the funds were used to pay estate creditors, the facts remains that they deliberately chose not to pay the Landlord who was their largest administrative creditor at the time the proceeds were distributed. This deliberate choice of excluding the Landlord from any distribution is an example of egregious behavior meant to be dissuaded by the bar for refiling we issue today. From his demeanor on the stand, it is obvious that co debtor José Rodríguez Figueroa was sufficiently educated and knowledgeable about business matters to be held accountable for this breach of the law.

Hence, we find that the circumstances of this particular case, show Debtors deliberately chose to sell estate property without informing their Accountants, Counsel, Creditors, or the Court to raise sufficient cash to pay those creditors which they thought should be paid. In so doing, they purposefully violated the law and deprived their principal administrative creditor of his just share of the proceeds.

For these reasons, we reinstate the bar for refiling under the terms and conditions stated above pursuant to 11 U.S.C. § 349(a) and § § 105 (a).

**SO ORDERED**, in San Juan, Puerto Rico, on April 3, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge